

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| BRETT HARDING, | § | No. 08-22-00117-CR |
| Appellant, | § | Appeal from the |
| v. | § | 42nd Judicial District Court |
| THE STATE OF TEXAS, | § | of Taylor County, Texas |
| Appellee. | § | (TC# 28762A) |

## <u>MEMORANDUM OPINION</u>

A jury convicted Appellant Brett Harding of three counts of possession of a controlled substance in penalty group one in an amount greater than one gram but less than four grams. On appeal, Appellant challenges his convictions in one issue, arguing that the trial court erred by denying his motion to suppress narcotics evidence associated with his convictions. For the following reasons, we conclude that the trial court did not abuse its discretion by denying Appellant's motion to suppress and affirm his conviction.[1]

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual background

During a pretrial suppression hearing, the State presented testimony from Madeleno Gonzales, Texas Department of Public Safety trooper. Gonzales had approximately eleven or

---

[1] This case was transferred from our sister court in Eastland, and we decide it in accordance with the precedent of that court to the extent required by TEX. R. APP. P. 41.3.

twelve years of law-enforcement experience at the time of the incident in question. On June 9, 2018, Gonzales was driving a patrol vehicle on Interstate 20 in Taylor County, Texas, when he noticed two vehicles that appeared to be speeding. After Gonzales confirmed the vehicles were speeding and the driver of one of the vehicles abruptly swerved from the left lane of the highway and took an exit, Gonzales activated his patrol vehicle's emergency lights and the driver pulled into a truck stop. The driver, later identified as Appellant, attempted to exit his vehicle and Gonzales ordered him to remain inside.

After Gonzales introduced himself and told Appellant the reason for the traffic stop, Gonzales smelled alcohol coming from the vehicle. Gonzales performed a standardized-field-sobriety test on Appellant, but Appellant only showed negligible signs of intoxication. Believing there could be an open alcoholic-beverage container in the vehicle, Gonzales began to search the vehicle. Because Gonzales knew drivers frequently conceal open alcoholic-beverage containers in a vehicle's center console, Gonzales entered the vehicle from the driver's side door and opened the center console. Inside the console, Gonzales observed a clear plastic container that, based on his training and experience, he suspected to contain marijuana. According to Gonzales's testimony, the container also appeared to contain a lighter.[2] Gonzales continued to search the vehicle and located four cold, unopened cans left of a six-pack of beer on the passenger-side floorboard.

After observing the marijuana, Gonzales asked Appellant what was in the container, and Appellant responded that it was marijuana. Gonzales continued to search the vehicle and located a bag in the back seat that contained substances later confirmed by laboratory testing to be heroin, fentanyl, and cocaine. Appellant was arrested for possession of marijuana and a controlled substance in penalty group one.

---

[2] Gonzales's offense report, which the trial court admitted into evidence during the suppression hearing, states that the container contained "a lighter, an orange Oxycodone prescription pill bottle with marijuana buds and a blue pouch with a red glass smoking pipe with marijuana residue."

## B. Procedural history

The State charged Appellant with three counts of possession of a controlled substance in penalty group one in an amount greater than one gram but less than four grams. Appellant filed a motion to suppress the narcotics evidence, and the trial court held a hearing on the motion during which the State presented Gonzales's testimony recounted above and a video recording of the interaction. Appellant presented Gonzales's offense report during the hearing. Following the presentation of evidence, Appellant argued that the narcotics seized from his vehicle should be suppressed because Gonzales did not see the marijuana as he claimed, thus undercutting the legal justification to carry out his subsequent search of the vehicle that revealed the heroin, fentanyl, and cocaine. Appellant also argued that Gonzales's report did not recount the same sequence of events as his suppression-hearing testimony. The trial court orally denied the motion to suppress without entering findings of fact or conclusions of law.

Following a trial, the jury convicted Appellant of three counts of possession of a controlled substance in an amount greater than one gram but less than four grams. The jury assessed punishment of five years' imprisonment, probated for eight years. This appeal followed. Appellant challenges his conviction in one issue, arguing the trial court erred by denying his motion to suppress the narcotics evidence because Gonzales's report and the video recording do not corroborate his suppression-hearing testimony.

## II. DISCUSSION

### A. Standard of review and applicable law

Appellate courts review a trial court's ruling on a motion to suppress under a bifurcated standard. *State v. Arellano*, 600 S.W.3d 53, 57 (Tex. Crim. App. 2020). We "afford almost total deference to a trial court's findings of historical fact and its determinations of mixed questions of law and fact that turn on credibility and demeanor if they are reasonably supported by the record."

*Id.* (citing *Sims v. State*, 569 S.W.3d 634, 640 (Tex. Crim. App. 2019)). To that end, we review suppression rulings turning upon an evaluation of a witness's credibility and demeanor for an abuse of discretion. *State v. Kovach*, No. 08-13-00316-CR, 2014 WL 6680123, at *1 (Tex. App.—El Paso Nov. 25, 2014, no pet.) (not designated for publication) (citing *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010)). On the other hand, a trial court's application of the law of search and seizure to the facts is reviewed de novo. *See id.* (citing *Valtierra*, 310 S.W.3d at 447–48). Likewise, all purely legal questions are reviewed de novo, including whether a search or seizure is reasonable under the Fourth Amendment. *See State v. Johnston*, 336 S.W.3d 649, 657 (Tex. Crim. App. 2011).

Where, as here, the trial court does not enter findings of fact and conclusions of law, we must infer the necessary fact findings that support the trial court's ruling if the record evidence viewed in the light most favorable to the ruling supports those implied factual findings. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). We afford "almost total deference" to a trial court's determination of the historical facts, especially when its implicit fact findings are based on an evaluation of credibility and demeanor. *Id.* In a suppression hearing, the trial court is the sole judge of credibility of the evidence and the court is tasked with resolving any conflicts in the evidence, including in cases with video evidence. *State v. Mendoza*, 365 S.W.3d 666, 669 (Tex. Crim. App. 2012); *see Johnson v. State*, No. 11-19-00137-CR, 2021 WL 1307426, at *4 (Tex. App.—Eastland Apr. 8, 2021, pet. ref'd) (mem. op., not designated for publication) (recognizing that in deciding a motion to suppress, a trial court is responsible for resolving conflicts in witness testimony and video evidence). Thus, the party that prevailed in the trial court "is afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *Garcia-Cantu*, 253 S.W.3d at 241. We should uphold a trial court's suppression ruling if that ruling is "reasonably supported by the record and is correct on any theory

4

of law applicable to the case." *State v. Weaver*, 349 S.W.3d 521, 525 (Tex. Crim. App. 2011) (citation omitted).

Under the Fourth Amendment, warrantless searches are per se unreasonable unless they fall within a warrant exception. *Marcopoulos v. State*, 538 S.W.3d 596, 599 (Tex. Crim. App. 2017). The "automobile exception" to the Fourth Amendment's warrant requirement allows an officer to search a vehicle when it is "readily mobile and there is probable cause to believe that it contains contraband." *Id.* (citation omitted). Under the automobile exception, officers may search "every part of the vehicle and its contents that may conceal the object of the search." *Neal v. State*, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008) (citation omitted). Neither party in this case contests that Appellant's vehicle was readily mobile, and so the only inquiry is whether Gonzales had probable cause to believe that the vehicle contained contraband. *See Marcopoulos*, 538 S.W.3d at 599. Probable cause exists if officers, under the totality of the circumstances, are aware of facts and circumstances "sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Id.* (citation omitted).

**B. The trial court did not abuse its discretion by denying Appellant's motion to suppress**

Appellant did not challenge the validity of the traffic stop during the suppression hearing, nor does he do so on appeal.[3] Appellant also did not challenge the validity of Gonzales's initial search for an open container during the suppression hearing. Instead, he challenges the credibility of Gonzales's testimony that he observed marijuana in the clear plastic container before he picked it up and examined it, pointing to various inconsistencies between the details of the incident recounted in his offense report and the incident recounted in his suppression-hearing testimony. Appellant particularly challenges Gonzales's testimony regarding the timing of when he observed

---

[3] Gonzales stopped Appellant for speeding, changing lanes without signaling, and carelessly swerving.

the marijuana and when he began the search, contending that "[i]t is unmistakable that Gonzales did not see the marijuana (contained in an orange pill bottle in a frosted container) until after he had wrongfully appropriated the container and elicited the admission from [Appellant]." We construe Appellant's argument to be that Gonzales's testimony regarding when he saw the marijuana lacked credibility, therefore he exceeded the permissible search of the vehicle (because Gonzales could not have seen that the container had evidence related to the reason for the search—possession of an open container). *See Neal*, 256 S.W.3d at 282 (recognizing that an officer is justified in searching only those parts of a vehicle that may conceal the object of a search).

During the suppression hearing, Gonzales testified that after he made contact with Appellant and smelled alcohol coming from the vehicle, he searched the vehicle's center console for an open alcoholic-beverage container because motorists commonly store open containers there. Possessing an open container with alcohol in an unlocked passenger compartment of a motor vehicle is a criminal offense in Texas, thus Gonzales was justified in searching for evidence associated with that offense. *See* TEX. PENAL CODE ANN. § 49.031(b). After opening the center console, Gonzales observed the clear plastic container with what he believed (based on his training and experience) to be marijuana inside. As he continued to search the vehicle, he asked Appellant what was inside the container, and Appellant told Gonzales it was marijuana. Gonzales's observation of marijuana in the vehicle and Appellant's confession both individually constituted probable cause to justify a further search of the vehicle to uncover additional contraband, including a search of the bag that contained the narcotics. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121 (criminalizing possession of marijuana); *see also Neal*, 256 S.W.3d at 282 (recognizing that if probable cause justifies the search of a vehicle, that justification extends to every part of the vehicle that may conceal the object of the search).

Nevertheless, we must review the evidence to determine whether it supports the trial court's ruling. Our review of the record shows Gonzales's testimony has minor conflicts with his offense report and the dashcam-video recording from his patrol vehicle. Gonzales's offense report states that when he looked into the center console, he only saw a "clear plastic sport drink mixer container with a green lid containing unusual items," including a lighter, and that it was only after he retrieved the container and asked Appellant what was inside that Appellant told Gonzales that it contained marijuana. In contrast, the dashcam recording of the encounter shows Gonzales searching the vehicle and asking Appellant what was inside the container, to which Appellant replied, "I don't know, sir." After continuing to search the vehicle, Gonzales asked what was inside a Ziploc bag, and Appellant replied that it contained marijuana but that he had not smoked any. Gonzales acknowledged on cross-examination that his offense report stated he first mentioned the bag of marijuana after he pulled it out of the center console, but he first saw the marijuana when he opened the center console. Gonzales also clarified through his testimony that when he opened the center console, he saw the lighter and plastic Ziploc bags containing marijuana before he confronted Appellant about the marijuana.

Although the facts elicited in Gonzales's report conflict somewhat with his testimony and the video recording of the incident, the trial court is the sole judge of the weight and credibility of the evidence and is tasked with resolving any conflicts in the evidence, and we must view the evidence in the light most favorable to the trial court's ruling. *See Mendoza*, 365 S.W.3d at 669; *Johnson*, 2021 WL 1307426, at *4. When, as here, the trial court does not enter findings of fact or conclusions of law, we must imply the necessary findings supported by the view of the evidence in the light most favorable to the trial court's ruling. *See Garcia-Cantu*, 253 S.W.3d at 241. Given the evidence before us, the trial court could have reasonably found that Gonzales first saw the

marijuana in the container when he opened the center console while searching for open containers and that he subsequently asked Appellant about it to elicit a confession about its contents.

Because the trial court could have reasonably found that Gonzales observed the marijuana while searching for open containers and thus did not exceed the bounds of the search, he had probable cause to continue to search for the narcotics associated with the charged offenses. For these reasons, we conclude that the trial court did not abuse its discretion by denying Appellant's motion to suppress. *See Johnson*, 2021 WL 1307426, at \*4–5 (holding that because the trial court is the finder of fact in a suppression hearing and was free to credit an officer's testimony supporting the justification for a traffic stop, the court did not abuse its discretion by denying a motion to suppress despite apparent conflicts between an officer's testimony and other evidence adduced at the suppression hearing).

## III.  CONCLUSION

We affirm the judgment supporting Appellant's conviction.

LISA J. SOTO, Justice

April 20, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)